IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-184-FL-6

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| JOHN BOYNTON SIDBURY, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's motion (DE 108) for review of the magistrate judge's oral and written pretrial detention orders entered August 26, 2015. Requested review having been undertaken, for reasons given below, defendant's plea for release is denied.

## BACKGROUND

Defendant is charged in an indictment returned August 19, 2015, with conspiracy to distribute 50 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, as well as conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). Defendant appeared before the Hon. James E. Gates, United States Magistrate Judge, for detention hearing on August 26, 2015. Following the hearing, the magistrate judge entered an oral and written order of detention pending trial. Defendant requests that the district court reverse the decision of the magistrate judge, and has filed further exhibits in support of the motion, including the declaration of Mary Moseley, Licensed Professional Counselor. The government has responded in opposition.

**COURT'S DISCUSSION**

If a person is ordered detained by a magistrate judge, the person may file with the district court a motion for revocation of the order. 18 U.S.C. § 3145(b). The district court should conduct a *de novo* review of the decision by the magistrate judge. United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985); United States v. Ramey, 602 F. Supp. 821, 822-24 (E.D.N.C. 1985).

In doing so, the court makes an independent determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge. See Williams, 753 F.2d at 333-34. The court may conduct a further evidentiary hearing if it is necessary or desirable in carrying out the review. See id., at 333; see also United States v. Koenig, 912 F.2d 1190, 1192-93 (9th Cir. 1990) (district court has discretion on whether to conduct a further evidentiary hearing); United States v. Delker, 757 F.2d 1390, 1393-94 (3rd Cir. 1985) (same); United States v. Fortna, 769 F.2d 243, 249-50 (5th Cir. 1985) (same). Having completed a thorough review of the pretrial services report prepared by the United States Probation Office, defendant's motion and exhibits, the government's response, Magistrate Judge Gates's oral and written orders, and the transcript of the detention hearing, the undersigned finds that no further evidentiary hearing is necessary.

Pre-trial detention must be ordered when, after hearing, a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(1). In a pretrial detention hearing, the government's burden is to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. 18 U.S.C. §

3142(f) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."); United States v. Salerno, 481 U.S. 739, 751 (1987) (requiring "clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or community" to justify pretrial detention). To consider whether any conditions of release reasonably will assure a defendant's attendance at trial, the government need only prove that there are no such conditions by a "preponderance of the evidence." United States v. Stewart, 19 F. App'x 46, 47 (4th Cir. 2001) (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985)).

Because there is probable cause to believe that defendant committed an offense subject to a maximum term of imprisonment of 10 years or more under 21 U.S.C. § 801 *et seq.*, defendant is subject by operation of law to the presumption, which may be rebutted by the defendant, that he is a risk of flight and a danger to the community, and that no condition or combination of conditions can be fashioned to assure his appearance and that he will not be a danger. 18 U.S.C. § 3142(e)(3). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the court must take into account the available information concerning –

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release . . . .

3

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. 18 U.S.C. § 3142(f).

Having reviewed all the evidence before the magistrate judge in addition to the evidence now before the court, the court finds the well-considered decision of the magistrate judge to be correct. The government has proven by clear and convincing evidence that no conditions of defendant's release reasonably can assure the safety of the community and by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required.

In support of this conclusion, the court adopts the reasoning of the magistrate judge and makes the following findings in supplement to or in emphasis of the magistrate judge's findings. The court recognizes the severe trauma defendant has suffered as a result of his violent abduction and torture in May 2015, as well as the importance of appropriate medical and mental health treatment of his conditions. Nevertheless, the unusual nature of defendant's trauma does not outweigh the significant facts and circumstances requiring detention in this matter. Such factors include the following: (1) the weight of the evidence against defendant, reflected in the detailed and extended description of the offense conduct presented by the government at hearing, including evidence that defendant is "the head of the organization, the mastermind behind it," (Tr. 79); (2) defendant's concerted and sophisticated countersurveillance activities; (3) defendant's continuance of drug trafficking activities following his May 2015 abduction incident, including instructions to co-conspirators; (4) defendant's travel to California unbeknownst to his proposed custodians following his May 2015 abduction incident; (5) defendant's extensive travel activities during the

course of charged conduct; (6) the number of individuals involved in the alleged criminal organization and the amount of funds involved; (7) defendant's past record of felony offenses and commission of offenses while on probation; (8) defendant's false statement about his employment to the probation officer who interviewed him for the pretrial services report; and (9) lack of sufficient evidence of proposed custodians' ability to assure defendant's safe conduct and appearance as required.

In conclusion, considering all the circumstances of this case, no condition or combination of conditions will reasonably assure defendant's appearance and the safety of the community as required. Therefore, the decision of the magistrate judge is correct, and detention prior to trial is necessary.

## CONCLUSION

For the reasons given, defendant's motion for release (DE 108) is DENIED. For good cause shown, defendant's motion to seal (DE 165) is GRANTED. Defendant shall remain committed to the custody of the Attorney General, subject to the provision that defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that he shall be afforded reasonable opportunity for private consultation with his counsel; and, that on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility where defendant is confined shall deliver defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this the 8th day of December, 2015.

LOUISE W. FLANAGAN
United States District Judge