IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-184-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JOHN BOYNTON SIDBURY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant John Boynton Sidbury's motion for return of property. [DE-424]. In May 2015, Sidbury was kidnapped, tortured, and robbed by four individuals who took multiple items of his property and were subsequently prosecuted for their offenses. *See United States v. Bey, et al.*, No. 5:15-CR-166-BR; Def.'s Mot. [DE-424] ¶ 1. Sidbury contends that law enforcement seized multiple items of his property in the course of the kidnapping investigation that were later introduced as evidence at trial. Def.'s Mot. [DE-424] ¶ 2. Sidbury seeks the return of personal property, which he contends remains in the custody of the court, to wit: his North Carolina driver's license, social security card, and two Apple iPhones. *Id.* ¶ 3. The Government consents to the motion. *Id.* at 2.

Fed. R. Crim. P. 41(g) provides, in relevant part, that:

[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A motion under Rule 41(g) should be denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for property as evidence continues." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)).

The court finds that Sidbury is entitled to the return of his North Carolina driver's license, social security card, and two Apple iPhones, which are marked as Government Exhibits 101, 127, and 128 in *United States v. Bey, et al.*, No. 5:15-CR-166-BR [DE-231]. The Clerk's Office in Raleigh has confirmed that those items remain in the possession of the court, and the Government does not oppose the return of those items to Sidbury. Accordingly, the motion is allowed, and the Clerk's Office is authorized to release to Sidbury's counsel Sidbury's North Carolina driver's license, social security card, and two Apple iPhones, which are marked as Government Exhibits 101, 127, and 128 in *United States v. Bey, et al.*, No. 5:15-CR-166-BR [DE-231].

So ordered, the 16 day of October 2019.

Robert B. Jones, Jr.
United States Magistrate Judge